1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALEJANDRO ROMERO,

        Plaintiff,

v.

RECONTRUST COMPANY, et al.,

        Defendants.

2:12-CV-529 JCM (VCF)

**ORDER**

     Presently before the court is defendant Recontrust Company's motion to dismiss. (Doc. #5). Plaintiff Alejandro Romero has filed an opposition (doc. #10), to which defendant has replied (doc. #12). Also before the court is plaintiff's motion to remand. (Doc. #13). Defendant filed an opposition (doc. #15), to which plaintiff replied (doc. #16).

**Factual Background**

     The instant lawsuit arises from defendant's filing of a notice of default and notice of trustee's sale against plaintiff.  On or about August 10, 2005, plaintiff obtained a loan from Spectrum Financial Group ("SFG") in the amount of $423,000 to refinance his prior mortgage. Plaintiff secured the loan by a first position deed of trust ("deed of trust"). Under the express terms of the deed of trust, Mortgage Electronic Registration Systems, Inc. ("MERS") is the beneficiary's nominee with the power to act on the beneficiary's behalf. (Doc. #5, Ex. A).

     In June of 2009, plaintiff ultimately defaulted on the mortgage loan by failing to make a payment due June 1, 2009.  On January 27, 2011, MERS substituted BNY-Mellon as trustee

James C. Mahan
U.S. District Judge

under the deed of trust. This substitution was executed and notarized on January 27, 2011, and recorded with the County Recorder's Office on February 1, 2011. (Doc. #5,  Ex. B). Then, BNY-Mellon assigned ReconTrust as trustee under the deed of trust. This substitution was also executed and notarized on January 27, 2011.  On that same day, ReconTrust recorded a notice of default, which was both notarized and filed with the County Recorder's office. (Doc. #5,  Ex. D).

On May 16, 2011, ReconTrust recorded a notice of trustee's sale, noticing a sale date of June 6, 2011. (Doc. #5,  Ex. F). Subsequently, plaintiff recorded an affidavit of fact and deed of full reconveyance in an attempt to reconvey the deed  of trust, delaying the sale date until March 7, 2012. (Doc. #5-7, Exs. G-H). Plaintiff also filed a lis pendens notice on March 1, 2012. The sale has not been effectuated at this time due to this pending litigation.

Plaintiff's primary argument arises out of his contention that ReconTrust was not an authorized holder of the note and, thus, not entitled to file the notice of default. (Doc. #13, Ex. 1). Plaintiff claims that defendant's actions violated numerous provisions of NRS §§ 598 *et. seq.* (Nevada Unfair and Deceptive Trade Practices Act ("NDTPA")) and NRS §§ 107 *et. seq.* (arguing that defendant did not properly file the notice of default).

**Discussion**

1. Motion to Remand

The motion to remand asserts that this court should remand the case to state court because: (1) the parties should be realigned such that ReconTrust is the plaintiff for purposes of removal, and (2) the $75,000 amount in controversy jurisdictional requirement has not been met.

Plaintiff first argues that the court should realign the parties such that ReconTrust is the plaintiff for purposes of removal.  Pursuant to 28 U.S.C. § 1441(a), only defendants have the right to remove a case from state court to federal court.  Thus, if the court realigns the parties, as the plaintiff ReconTrust would not have the right to remove the case.

In support of his assertion that the court should realign the parties, plaintiff cites several cases, including two United States Supreme Court cases:  *Chicago, R.I & P.R. Co. v. Stude*, 346 U.S. 574 (1954) and *Mason City & Ft. D.R. Co. v. Boynton*, 204 U.S. 570 (1907).  The court

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   realigned the parties in those cases because the relevant state law classified the parties in a
2   manner contrary to federal law; the court held that federal law determines the identities of the
3   plaintiff and defendant for removal purposes.  *See Stude*, 346 U.S. at 580.

4       The cases are inapposite.  Here, plaintiff instituted the case in state court.  The complaint
5   asks the court to enjoin any foreclosure and award damages.  Thus, plaintiff has acted as a
6   plaintiff throughout the course of this case.  It would be inappropriate to realign the parties, and
7   the court declines to do so.

8       Second, plaintiff argues that the $75,000 amount in controversy requirement has not been
9   met.  Specifically, plaintiff notes that the complaint only seeks recovery in excess of $10,000.
10  Further, plaintiff argues that the injunctive relief claims do "not amount to a monetary award."

11      "In actions seeking declaratory or injunctive relief, it is well established that the amount
12  in controversy is measured by the value of the object of the litigation."  *Cohn v. Petsmart, Inc.*,
13  281 F.3d 837, 841 (9th Cir. 2002).  In this case, the loan at issue is for $423,000.  Therefore, the
14  amount in controversy requirement is met.  Accordingly, the court declines to remand this case to
15  state court.

16  2.Motion to Dismiss

17      *(a)     Legal Standard*

18      A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief
19  can be granted."  FED. R. CIV. P. 12(b)(6).  A properly pled complaint must provide "[a] short
20  and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P.
21  8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not
22  require detailed factual allegations, it demands "more than labels and conclusions" or a
23  "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937,
24  1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be
25  enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a
26  motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief
27  that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949 (internal citation omitted).

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1     In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply

2     when considering motions to dismiss.  First, the court must accept as true all well-pled factual

3     allegations in the complaint; however, legal conclusions are not entitled to the assumption of

4     truth.  *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only by

5     conclusory statements, do not suffice.  *Id*. at 1949.  Second, the court must consider whether the

6     factual allegations in the complaint allege a plausible claim for relief.  *Id*. at 1950.  A claim is

7     facially plausible when plaintiff's complaint alleges facts that allows the court to draw a

8     reasonable inference that defendant is liable for the alleged misconduct.  *Id*. at 1949.  Where the

9     complaint does not permit the court to infer more than the mere possibility of misconduct, the

10    complaint has "alleged – but not shown – that the pleader is entitled to relief."  *Id*. (internal

11    quotations omitted).  When the claims in a complaint have not crossed the line from conceivable

12    to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

13          (b)     *Analysis*

14          I.  Unfair Business Practice Claims under the Nevada Unfair and Deceptive Trade

15              Practices Act.

16          Plaintiff argues that the NDTPA applies to the present set of facts. This court does not

17    agree, and finds that NRS § 598 does not apply to property foreclosure matters. *See Parker v.*

18    *Greenpoint Mortgage Funding*, No. 3:11-cv-00039-ECR-RAM (D. Nev. July 15, 2011) ( "[NRS

19    § 598] does not cover a mortgage foreclosure."); *Reyna v. Wells Fargo, N.A.*, No. 2:10-cv-01730-

20    KJD-LRL, 2011 WL 2690087, at *9 (D. Nev. July 11, 2011) ("NRS § 598 . . . applies only to

21    goods and services and not to real estate loan transactions."); *see generally Alexander v. Aurora*

22    *Loan Services*, No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, at *2 (D. Nev July 8, 2010)

23    ("Plaintiff's claims deal with the sale or lease of real property, not goods or services; therefore

24    [NRS § 598] does not provide an avenue of relief."). Consequently, this court dismisses each of

25    plaintiff's claims arising under NRS § 598.

26          ii.  NRS §§ 107 *et. seq.* Claims

27          Plaintiff repeatedly alleges that ReconTrust did not have authority to notice the trustee's

28

**James C. Mahan**
**U.S. District Judge**

1  sale because it was not acting on behalf of the present holder of the note and violated

2  NRS §§ 107 as a result.

3       First, this court finds that MERS properly assigned the deed of trust to BNY-Mellon. The

4  court in *Foust v. Wells Fargo* held that an assignment is valid if it is "in the manner and form

5  required by the provisions of the deed of trust." *Foust v. Wells Fargo*, 2011 WL 3298915, at *2

6  (Nev. 2011). Here, the deed of trust grants MERS the right to exercise "all of those interests

7  [granted by the borrower] including . . . the right to foreclose and sell the property, and . . .

8  releasing and canceling this security instrument." (Doc. #5, Ex. A at 3). *See also Ramos v.*

9  *Mortgage Electronic Registration Systems, Inc.,* No. 2:08–CV–1089, Doc. No. 21 at 7 (D.Nev.

10 Mar. 5, 2009) ("[u]nder the deed of trust, MERS was empowered to foreclose on the property

11 and to appoint [a] substitute trustee for purpose of conducting the foreclosure."); *see also Roberts*

12 *v. McCarthy*, No. 2:11–CV–00080–KJD–LRL, 2011 WL 1363811, at *4 (D.Nev. Apr. 11, 2011)

13 ("Plaintiff's attempt to attack the foreclosure process based on MERS' participation as nominee

14 of the lender must fail.").

15      Second, this court also finds that BNY-Mellon properly substituted ReconTrust as trustee.

16 *See generally Ramos*, No. 2:08–CV–1089, Doc. No. 21, at *7. As such, ReconTrust acted within

17 its authority in filing the notice of default and notice of trustee's sale pursuant to NRS §

18 107.080(4), which states that "the trustee has the authority to exercise the power of sale . . .

19 pursuant to the instruction of the beneficiary of record and the current holder of the note secured

20 by the deed of trust." *See also Haag v. Countrywide Bank*, No. 2:11–cv–00923–GMN–CWH,

21 2012 WL 1831872, at *6 (D. Nev. 2012) ("The foreclosure documents submitted to the court

22 contradict [the allegation that defendants recorded the NOD 'without authority'] and . . . the

23 NOD [and] notice of trustee's sale . . . were all authorized.").

24      Third, plaintiff also contends that he "dispute[s] the deficiency in performance stated in

25 the notice of default," which he alleges violated NRS § 107. (Doc # 13, Ex. 1, ¶ 23). However,

26 plaintiff offers no evidence that shows that he was not "[deficient] in performance." *Id.*

27      Finally, plaintiff claims that ReconTrust failed to provide plaintiff a copy of the

28

James C. Mahan
U.S. District Judge

1   promissory note it seeks to enforce by attempting to foreclose on the deed of trust. In a similar

2   case, however, the court in *Haag* held that "neither Nevada statutes nor Nevada case law support

3   plaintiffs' arguments that defendants were required to produce a copy of the note." *Haag*, 2012

4   WL 1831872, at *5. This court agrees. Accordingly, plaintiff's NRS §§ 107 *et. seq.* claims are

5   dismissed.

6          iii.  Claims for Declaratory Relief

7          Plaintiff fails to state a cognizable claim for relief. As a result, this court must also

8   dismiss the derivative claims for declaratory relief, as a matter of law. *Roberts v. McCarthy,* 2011

9   WL 1363811, at *4 (D. Nev. Apr. 11, 2011).

10         iv.  Claims for Injunctive Relief

11

12         Plaintiff has not established a likelihood of success on any of the claims he has pled and

13  this court has dismissed each of his claims. Nor has plaintiff demonstrated that he did not, in fact,

14  default on his loan and is suffering an irreparable harm due to an unjust foreclosure process.

15  Therefore, his request for injunctive relief must be denied. *See Simon v. Bank of America*, 2010

16  WL 2609436, at *14 (D. Nev. June 23, 2010) ("Plaintiff can meet its burden by showing 'either a

17  combination of probable success on the merits and the possibility of irreparable injury or that

18  serious questions are raised and the balance of hardships tips sharply in his favor.'").

19         v.  Attorney's Fees

20         Plaintiff seeks attorney's fees, arguing that defendant unlawfully foreclosed on his

21  property. Plaintiff's substantive claims fail, therefore, his request for attorney's fees also fails.

22  *See generally Simon*, at *14 ("As plaintiff has failed to make out any actionable substantive

23  claims, his requests for relief must be dismissed as well.").

24         vi.  Expunge Lis Pendens

25         Pursuant to NRS 14.015(3), the party who recorded the notice "must establish to the

26  satisfaction of the court . . . [t]hat the party . . . is likely to prevail in the action."

27

28

**James C. Mahan**
**U.S. District Judge**

Here, plaintiff has not demonstrated that he is likely to prevail in the action.  The court has dismissed all claims in the complaint for failure to state a claim upon which relief can be granted. Accordingly, plaintiff has not established a likelihood of success.  NRS 14.015(3).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand (doc. #13) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that ReconTrust's motion to dismiss (doc. #5) be, and the same hereby is, GRANTED.

DATED June 5, 2012.


_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 7 -